## UNITED STATES & FOREIGN SALAMANDER FELTING Co. *v.* ASBESTOS FELTING Co.*

*(Circuit Court, S. D. New York.* September 1, 1880.)

1. PATENT No. 100,354—PATENT No. 114,711—INTERFERENCE.—The first claim of patent No. 100,354, granted March 1, 1870, to one Baumann, *is invalid,* upon the ground of interference with the claims of patent No. 114,711, granted May 9, 1871, to the plaintiff, upon the invention of one Riley.

*See infra,* 816.

2. INTERFERENCE—FORMER SUIT—JUDGMENT.—Where the question of such interference was the subject of dispute in two distinct suits in two separate districts, and the defendant in the second suit defended the first suit, it was *held* that the issues were the same in the two suits; that the record in the former suit was proper evidence in the latter suit, and that the judgment in the first suit concluded the defendant in the second suit.

In Equity.

*George E. Betton*, for plaintiff.

*Jonathan Marshall*, for defendant.

BLATCHFORD, C. J.   The plaintiff, as the owner of patent No. 114,711, granted May 9, 1871, to it on the invention of John Riley, brings this bill to have cancelled and annulled a patent, No. 100,354, granted March 1, 1870, to one Baumann. The bill avers that on the application of Riley for his patent his application was put in interference with the patent of Baumann; that priority of invention was decided in favor of Riley by the patent office April 20, 1871; that the defendant owns the Baumann patent; that the plaintiff commenced suit at law in the Massachusetts district against two corporations for infringing said patent by the use of certain material put on their boilers and pipes by the agent of the defendant in this suit; that said suits were defended by the defendant in this suit; that it set up, among other defences therein, that the said invention of Riley was not new by reason of said Baumann patent and invention; that the court, on a trial, sustained the Riley patent by its decision, and the defendant is concluded thereby; and that the two patents are conflicting and interfering patents.   The bill alleges that Riley was the first inventor.

The answer alleges that Baumann was the first inventor. It does not deny that the suits in Massachusetts were defended by it, or that it set up, among other defences therein, that said invention of Riley was not new by reason of said Baumann patent and invention.   It denies that the Baumann patent formed any part of the issues on which the Massachusetts suit was tried; and that the defendant is not to be prejudiced by reason of said suit, because it was not a party

to it, and because no party having any interest in the Baumann patent was a party to said suit, and because the defendant had at that time no interest in the Baumann patent. The plaintiff put in evidence in this suit the record in one of the Massachusetts suits,—that against the Merrimack Manufacturing Company,—under an objection by the defendant that it was incompetent. It appears by the proofs in this suit that the defendant supplied the covering for boilers and pipes used by the defendant in the Massachusetts suit; that the president of the defendant employed the counsel who defended that suit; and that the defendant paid for the services of said counsel. The record in the Massachusettes suit shows that that suit was brought on said patent No. 114,711, with other patents; that the answer in that suit sets forth that the things claimed in the Riley patent were, before Riley invented them, described in the said patent granted to Baumann, and known to and used by said Baumann; and that the finding of the court was that the defendant had infringed the first and second claims of the Riley patent. It is plain that the first claim of the Baumann patent interferes with the three claims of the Riley patent. The relief to be given by the court, under section 4918 of the Revised Statutes, in the case of interfering patents, is relief to be given on a determination of the question as to which one of the two patents was the first invention of the interfering matters. A reference to section 4904 shows that interference means a dispute on the question of priority of invention. That is the dispute in this suit as between Baumann and Riley. That was the dispute in the Massachusetts suit as between Baumann and Riley, the defendant in this suit having defended that suit, and set up in the answer therein that Riley was not and that Baumann was the inventor of what is claimed in the Riley patent. The issues were the same in the two suits. On the foregoing facts it must be held that the record in the Massachusetts suit is proper evidence in this suit, and that the judgment in that suit concludes the defendant on the question of priority of invention as between Baumann and Riley.

There must be a decree declaring the Baumann patent invalid, as to its first claim, in the whole of the United States, as respects the defendant and all persons who shall derive title under it, to or in said patent subsequently to the entry of such decree, with costs.